UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN THE MATTER OF ) | **24 MAG 1971** |
| ) | |
| THE EXTRADITION OF ) | Misc. No. _____ |
| ) | |
| ERAN HIYA ) | |

COMPLAINT
(18 U.S.C. § 3184)

I, the undersigned Assistant United States Attorney, being duly sworn, state on information and belief that the following is true and correct:

1. In this matter, I represent the United States in fulfilling its treaty obligation to the Government of Israel.

2. There is an extradition treaty in force between the United States and Israel[1] (referenced hereafter as the "Treaty"). The Treaty provides in Article 11 for the provisional arrest and detention of alleged fugitives pending the submission of a formal request for extradition and supporting documents.

3. In accordance with Article 11 of the Treaty, the Government of Israel has asked the United States for the provisional arrest of ERAN HIYA ("HIYA"). The Government of Israel has represented that it will submit a formal request for the extradition of HIYA and supporting documents within the time specified in the Treaty.

4. According to the information provided by the Government of Israel, HIYA was charged with attempted murder in violation of Section 305(1) of Israel's Penal Law and conspiracy to commit a felony in violation of Section 499(a)(1) of Israel's Penal Law.

5. This offense was committed within the jurisdiction of Israel. A warrant for HIYA's arrest was issued by Judge Eitan Korenhauser of the Tel-Aviv Magistrate Court on May 10, 2024.

6. This request for a provisional arrest is based upon the following facts, obtained by authorities in Israel, from a review of, among other things, records and reports, photographs, and witness interviews:

---

[1] *See* the Convention on Extradition between the Government of the United States of America and the Government of the State of Israel, U.S.-Israel, Dec. 10, 1962, 14 U.S.T. 1707, as amended by the Protocol Between the Government of the United States and the Government of the State of Israel Amending the Convention on Extradition Signed at Washington, D.C. on Dec. 10, 1962, U.S.-Israel, July 6, 2005, S. Treaty Doc. No. 109-3 (2005).

  a. From in or about December 2023 to in or about January 2024, HIYA directed, planned, and provided material support for the attempted murder of a rival gang leader, named Eli Musli ("Musli"). HIYA co-led the conspiracy with an individual named Shlomo Niamchik ("Niamchik"). Together, HIYA and Niamchik directed at least nine other individuals to plan and attempt to detonate an explosive device under Musli's vehicle in Tel Aviv, Israel.

  b. In or about December 2023, HIYA requested co-conspirator A.A.[2] to surveil Musli, identifying his place of residence, vehicle, and daily routine. HIYA provided A.A. with a weapon and a cell phone with which A.A. could communicate with HIYA. A.A. successfully identified Musli's residence, his vehicle as a Jeep Rubicon, and Musli's regular travel route. A.A. provided this information to HIYA.

  c. After receiving this information, HIYA directed A.A. to assist in the plan to trigger an explosive device under Musli's vehicle and kill Musli. A.A. agreed to participate in the plan. Simultaneously, Niamchik ordered the other co-conspirators, under the direction of Ofek Harush ("Harush"), to acquire vehicles, stolen license plates, and an explosive device to carry out the murder plan.

  d. Under HIYA and Niamchik's direction, A.A. and Harush met on or about December 31, 2023, and designed the murder plan. Harush and co-conspirator B.B.[3] would transport a device containing 4 kilograms of explosives to Bograshov Street in Tel Aviv. Harush would take the explosive device with him by motorcycle to Musli's hotel residence and await A.A.'s instructions, who would be surveilling Musli. After Musli departed the hotel, A.A. would inform HIYA, and then A.A. would block Musli's route of travel on Bograshov Street. A.A., B.B., and HIYA chose Bograshov Street because it was one-way. While Musli's vehicle was blocked, Harush would throw the explosive device under Musli's vehicle, speed off, and detonate the device.

  e. In the evening on or about December 31, 2023, HIYA, A.A., B.B., and co-conspirator Avi Nisani ("Nisani") met at 26 Sakharov St. in Rishon Le-Zion to carry out a detailed simulation of the plan, complete with a Jeep Rubicon to simulate Musli's vehicle. A.A., B.B., Nasani, and Harush performed several simulations of the murder plan, in which Nisani served as the driver and Harush threw a box simulating the explosive device under the wheels of the vehicle.

  f. On or about January 4, 2024, A.A. informed HIYA that the co-conspirators were prepared to execute the murder plan and they set January 7, 2024 as the date they would execute it.

  g. From on or about January 6 to on or about January 7, 2024, the co-conspirators prepared to execute the plan. Nisani, co-conspirator Eden Hatuel ("Hatuel"), and B.B.

---

[2] The Government of Israel has requested that we refer to this co-conspirator as A.A. to protect their identity for safety reasons.
[3] The Government of Israel has requested that we refer to this co-conspirator as B.B. to protect their identity for safety reasons.

transferred motorcycles and other vehicles for use by Harush and A.A. for the commission of the crime. On or about January 7, 2024, at approximately 8:38 p.m., HIYA, B.B., and Nisani met on Ha-Giborium Street in Bat-Yam, and transferred to A.A. a package, as well as a helmet with an earpiece used for communication at the time of the planned murder. A.A. informed HIYA that they were ready to carry out the attack on Musli.

      h. In the morning on or about January 8, 2024, the co-conspirators intended to carry out the attack. Harush and B.B drove with the explosive device and met A.A. on Shalom-Aleichem Street in Tel-Aviv. Harush and B.B., however, could not locate the motorcycle that Hatuel placed, so they postponed the attack until about February 10, 2024.

      i. In the interim, Hatuel, Harush, and co-conspirators Elia Salomon ("Salomon") and Idan Hen ("Hen") searched for a place near the city of Ramle where they could burn the vehicles and A.A. and HIYA would destroy the evidence after the eventual attack.

      j. On or about January 9, 2024, at approximately 9:00 a.m., A.A. informed HIYA via video call that Musli was not at his residence. On or about January 14, 2024, HIYA informed A.A. that Musli would be returning to Israel from a trip abroad, and HIYA asked A.A. to surveil Musli at Ben Gurion International Airport to confirm. On or about January 14, 2024, A.A. traveled to Ben Gurion International Airport, successfully located Musli, and reported back to HIYA that Musli had indeed returned to Israel. Thereafter, A.A., Harush, and HIYA concluded that they could carry out the murder plan on or about January 16, 2024.

      k. On or about January 14-15, 2024, the co-conspirators met at Niamchik's residence and, following Niamchik's direction, Nisani, B.B., Salomon, and Hen pre-staged motorcycles and vehicles that HIYA, A.A., and B.B., would use to carry out the attack and to flee.

      l. On or about January 16, 2024, at 9:00 a.m., A.A. positioned himself at the lookout towards Musli's residence, waiting for Musli to depart for the morning. At the same time, B.B. drove the vehicle with the explosive device and waited for Harush at the pre-determined location. At 9:23 a.m., A.A. updated HIYA and Harush that Musli would leave the hotel at 9:50 p.m.

      m. Immediately after A.A. informed HIYA that Musli was due to leave at 9:50 a.m., A.A. was arrested by Israel Police. Harush waited for his order from A.A. to meet Musli's vehicle and to pick up the explosive device to carry out the attack. While Harush was waiting for A.A., Israel Police arrested him as well. After realizing that Harush had been arrested, Salomon and Hen destroyed the evidence, including vehicles and cellular phones.

      n. <u>Identification of HIYA</u>: In the course of the investigation, A.A. told the Israel Police that HIYA was the leader of the conspiracy to kill Musli. A.A. identified HIYA to police based on a long prior acquaintance between the two. A.A. also visually identified HIYA during a video call that was recorded by Israeli Police, a photograph of which the Government of Israel included in the provisional arrest request. The provisional arrest request also included a

booking-style photograph of HIYA along with an Israel Police officer's sworn statement attesting that the individual in the photograph is HIYA.

      7.      ERAN HIYA can be found within the jurisdiction of this Court at the Metropolitan Detention Center.

      WHEREFORE, the undersigned requests that a warrant for the arrest of the aforenamed person be issued in accordance with 18 U.S.C. § 3184 and the extradition Treaty between the United States and Israel, and that this Complaint and the warrant be placed under the seal of the Court, except as disclosure is needed for its execution, until such time as the warrant is executed.

Dana McCann (by VF with permission)

Assistant United States Attorney

Sworn to before me this  17  day of  May , 2024, at   11:00 a.m.  .

_____
United States Magistrate Judge

| 109TH CONGRESS 1st Session | SENATE | TREATY DOC. 109–3 |
|---|---|---|

# PROTOCOL AMENDING EXTRADITION CONVENTION WITH ISRAEL

## MESSAGE

FROM

# THE PRESIDENT OF THE UNITED STATES

TRANSMITTING

PROTOCOL BETWEEN THE GOVERNMENT OF THE UNITED STATES AND THE GOVERNMENT OF THE STATE OF ISRAEL AMENDING THE CONVENTION ON EXTRADITION, SIGNED AT JERUSALEM ON JULY 6, 2005



SEPTEMBER 13, 2005.—The Protocol was read the first time, and together with the accompanying papers, referred to the Committee on Foreign Relations and order to be printed for the use of the Senate

U.S. GOVERNMENT PRINTING OFFICE

39–118                WASHINGTON : 2005

# LETTER OF TRANSMITTAL

THE WHITE HOUSE, *September 13, 2005.*

*To the Senate of the United States:*

With a view to receiving the advice and consent of the Senate to ratification, I transmit herewith the Protocol between the Government of the United States and the Government of the State of Israel, signed at Jerusalem on July 6, 2005.

In addition, I transmit for the information of the Senate the report of the Department of State with respect to the Protocol. As the report explains, the Protocol will not require implementing legislation.

The Protocol amends the Convention Relating to Extradition (the "1962 Convention"), signed at Washington on December 10, 1962. The Protocol updates the 1962 Convention in a manner consistent with our modern extradition treaties. The Protocol will, upon entry into force, enhance cooperation between the law enforcement communities of both nations and make a significant contribution to international law enforcement efforts.

I recommend that the Senate give early and favorable consideration to the Protocol and give its advice and consent to ratification.

GEORGE W. BUSH.

(III)

# PROTOCOL

## between

## THE GOVERNMENT OF THE UNITED STATES

## and

## THE GOVERNMENT OF THE STATE OF ISRAEL

## AMENDING THE CONVENTION ON EXTRADITION

### Signed at Washington, D.C. on December 10, 1962,

THE GOVERNMENT OF THE UNITED STATES OF AMERICA AND THE GOVERNMENT OF THE STATE OF ISRAEL (hereinafter the "Parties");

RECOGNIZING the close bilateral relationship which exists between them reflected in numerous instruments and mechanisms of legal cooperation;

COMMITTED to strengthening legal cooperation in the fight against crime;

DESIRING to make more effective the Extradition Convention between the Parties, signed at Washington on December 10, 1962 (hereinafter "the 1962 Convention"); and

NOTING that "Convention" refers to the 1962 Convention as amended by this Protocol;

HAVE AGREED as follows:

(1)

8

    (a)  in the case of a request from the United States, they are authenticated by the official seal of the Department of State;

    (b)  in the case of a request from Israel, they are authenticated by the official seal of the Ministry of Justice; or

    (c)  they are certified or authenticated in any other manner acceptable by the laws of the Requested Party.

2.  Such documents, statements, and other types of information shall be admissible as evidence in extradition proceedings even though they would be considered hearsay or otherwise would not conform to evidentiary rules applicable at trial.

### ARTICLE X *ter*

### TRANSLATION

The request and all other documents submitted by the Requesting Party shall be translated into the language of the Requested Party, unless otherwise agreed."

### **ARTICLE 7**

Article XI of the 1962 Convention is deleted and replaced by the following text:

### "ARTICLE XI

### PROVISIONAL ARREST

1.  In case of urgency, the Requesting Party may request the provisional arrest of the person sought pending presentation of the extradition request and supporting documents. A request for provisional arrest may be transmitted through the diplomatic channel or directly between the United States Department of Justice and the Israel Ministry of Justice.

2.  The application for provisional arrest shall contain:

    (a)  a description of the person sought and information concerning the person's nationality, if known;

    (b)  the location of the person sought, if known;

    (c)  a brief statement of the facts of the case, including, if possible, the time and location of the offense;

    (d)  a description of the law(s) violated;

9

  (e) a statement of the existence of a warrant of arrest or a judgment of conviction against the person sought; and

  (f) a statement that the extradition request and supporting documents shall be submitted within the time specified in paragraph 4 of this Article.

3. The Requesting Party shall be notified without delay of the disposition of its request for provisional arrest and the reasons for any inability to proceed with the request.

4. A person who is provisionally arrested may be discharged from custody upon the expiration of 60 days from the date of provisional arrest if the executive authority of the Requested Party has not received the extradition request and supporting documents as required in Article X of the Convention.

5. The fact that the person sought has been discharged from custody pursuant to paragraph 4 of this Article shall not prejudice the subsequent rearrest and extradition of that person if the extradition request and supporting documents are delivered at a later date."

## ARTICLE 8

Article XIII of the 1962 Convention is deleted and replaced by the following text:

### "ARTICLE XIII

### RULE OF SPECIALITY

1. A person extradited under the Convention may not be detained, tried, or punished in the Requesting Party except for:

  (a) any offense for which extradition was granted, or a lesser included offense based on the same facts as the offense for which extradition was granted;

  (b) any offense committed after the extradition of the person; or

  (c) any offense for which the executive authority of the Requested Party consents to the person's detention, trial or punishment. For the purpose oF this subparagraph:

    (i) the Requested Party may require the submission of the documentation set out in Article X of the Convention; and

| | |
|---|---|
| מספר תיק: 22611 / 2024 | |
| שם מעורב: חייא ערן | משטרת ישראל |
| מזהה מסמך: M179298181 | |

| | |
|---|---|
| מספר תיק: 22611 / 2024 | |
| שם מעורב: חייא ערן | משטרת ישראל |
| מזהה מסמך: M179298225 | |

## צו מעצר

### בית משפט

מדינת ישראל - בתי המשפט

| בית משפט | בימ"ש שלום-תל-אביב | כתובת | ויצמן 1 תל אביב | טלפון | |
|---|---|---|---|---|---|
| פקס | | | | תיק ב"ש | |

### פרטים כלליים

| יחידה | מפלג פשיעה אלימה ימר תא | מספר תיק פלא | 22611/2024 |
|---|---|---|---|
| כתובת | דרך שלמה 18, תל אביב | סיווג תיק | פ.א |
| טלפון | 03-6802370 | תאריך | 09/05/2024, א' אייר תשפ"ד, 18:43 |
| פקס | 03-6802359 | | |

### פרטי מעורב

| שם פרטי | ערן | שם משפחה | חייא | מס' ת"ז | 10 015589039 |
|---|---|---|---|---|---|

| כתובת | תל אביב - יפו אשכול לוי 63 מיקוד 6936148 |
|---|---|

| תאריך לידה | 19/11/1983 | מין | זכר | מצב משפחתי | רווק |
|---|---|---|---|---|---|

| ארץ לידה | ארצות הברית |
|---|---|

| שם אב | איתן | שם סב | | דת | יהודי |
|---|---|---|---|---|---|

| אזרחות זרה | | מס' דרכון | | קטין | ☐ |
|---|---|---|---|---|---|

### פרטי אשמה

פרטי אשמה במילים

| חומרה | סעיף | עבירה נגזרת | החשד | סמל ושם החוק |
|---|---|---|---|---|

עמוד 1 מתוך 2    9/5/2024

(178877k06)

משטרת ישראל

| מספר תיק: | 22611 / 2024 |
| --- | --- |
| שם מעורב: | חייא ערן |
| מזהה מסמך: | M179298225 |

| פשע | 305 (1) | המנסה לגרום למות אדם | 100 - חוק העונשין , תשל"ז - 1977 |
| --- | --- | --- | --- |
| פשע | 144(ב) - רישא | רכישה, נשיאה או הובלת נשק בלא רשות על פי דין | 100 - חוק העונשין , תשל"ז - 1977 |
| פשע | 144(א) - רישא | החזקת נשק בלא רשות על פי דין | 100 - חוק העונשין , תשל"ז - 1977 |
| פשע | 499 (א)(1) | קשירת קשר לעשות פשע | 100 - חוק העונשין , תשל"ז - 1977 |
| פשע | 413ט | זיוף סימני זיהוי של רכב | 100 - חוק העונשין , תשל"ז - 1977 |
| פשע | 242 | השמדת ראיות | 100 - חוק העונשין , תשל"ז - 1977 |

העילות שעל יסודן ניתן צו המעצר (לפי החלופות בסעיפים 13 ו-14 לחסד"פ מעצרים)

א. צו זה יבוצע ע"י: משטרת ישראל ומותר לבצעו בכל מקום ובכל עת.

ב. ☑ העצור ייעצר ויובא בפני בית משפט בהקדם האפשרי ולא יאוחר מ-24 שעות.

ג. ☐ העצור ייעצר עד שעה _____ וישוחרר במשטרה עד המועד הנ"ל לפי צרכי החקירה, ובהתאם לתנאי שחרור בערובה כדלקמן:

ד. ☐ העצור ייעצר עד שעה _____ ויובא בפני בית משפט.

ה. ☐ העצור ייעצר עד מתן החלטה אחרת/תום ההליכים המשפטיים.



חתימת שופט/ת רשם/ת

תאריך מתן הצו _____    תאריך ביצוע המעצר _____

חותמת בית המשפט

עמוד 2 מתוך 2    9/5/2024

**Case number:** 22611/2024
**Name of person involved:** Hiya Eran
**Document identifier:** M179298225

[Emblem] Israel Police
An Arrest Warrant

**Court**

State of Israel – Courts

| Court | Address | Phone | |
|---|---|---|---|
| Tel-Aviv Magistrates Court | | | |
| **Fax** | **Case before Judge** | | |
| - | | | |

**General Information**

| | | |
|---|---|---|
| **Unit:** | Violent Crime Department, Tel Aviv Central Unit | **"Pele"** [Computerized application for investigation files management] |
| | | **File number:** 22611/2024 |
| **Address:** | 18 Derech Shlomo St., Tel Aviv | **Case classification:** Criminal case |
| **Phone:** | 03-6802370 | **Date:** 9/05/2024, 1 Iyar 5784, 18:43 |
| **Fax:** | 03-6802359 | |

**Information of person involved**

| Given name | Surname | ID no. | |
|---|---|---|---|
| Eran | Hiya | 015589039 | 10 |
| **Address** | | | |
| 63 Eshkol Levi St. Tel Aviv-Yafo Zip code 6936148 | | | |
| **Date of birth** | **Gender** | **Marital status** | |
| November 19, 1983 | Male | Single | |
| **Country of birth** | | | |
| United States | | | |
| **Father's name** | **Grandfather's name** | **Religion** | |
| Eitan | | Jewish | |
| ☐ Minor | **Foreign citizenship** | **Passport no.** | |
| | | | |

**Details of guilt**

Details of guilt in words

| Severity | Section | Derivative offence | Suspicion | Law title and denotation |
|---|---|---|---|---|
| | | | | |

[Round Stamp] Emblem; **Tel Aviv-Yafo** Magistrates Court (291)

Page 1 of 2  9/5/2024

1

**Case number:** 22611/2024
**Name of person involved:** Hiya Eran
**Document identifier:** M179298225

**[Emblem] Israel Police**

| Crime | 305(1)    | Attempting to cause the death of a person        | 100 – Penal Law, 5737-1977 |
| Crime | 144(b)    | Illegally acquiring, carrying or transporting weapon | 100 – Penal Law, 5737-1977 |
| Crime | 144(a)    | Illegally possession of weapon                   | 100 – Penal Law, 5737-1977 |
| Crime | 499(a)(1) | Conspiracy to commit a crime                     | 100 – Penal Law, 5737-1977 |
| Crime | 413(I)    | Changing Identity of of a Vehicle Part           | 100 – Penal Law, 5737-1977 |
| Crime | 242       | Destroying Evidence                              | 100 – Penal Law, 5737-1977 |

**The grounds based on which this arrest warrant is rendered (according to the alternatives set under sections 13 and 14 of the Criminal Procedures (Enforcement Powers – Detention) Law):**

Obstruction of investigation proceedings and endangering the public.

☐ a. This order will be executed by the Israel Police and may be executed anywhere and anytime.
☐V b. The detainee will be arrested and brought before the court as soon as possible, and no later than 24 hours.
☐ c. The detainee will be arrested until [date]       at [time]       and released by the police until the above date, according to the investigative needs and the terms of release on bail as follows:

☐ d. The detainee will be arrested until [date]       at [time]       and brought before the court.
☐ e. The detainee will be arrested until another decision is rendered/ the completion of legal proceedings.

| Warrant issuance date | Arrest date | *[Signature]* [Rectangular Stamp] **Eitan Korenhauser, Judge** 10-05-2024 Tel Aviv-Yafo Magistrates Court |
|---|---|---|
|  |  | Signature of judge/ Registrar |

Court Seal

[Rectangular Seal] **Specified and reasoned decision was issued in the protocol of hearing from today, which constitutes an integral part of the order**

[Round Stamp] Emblem; **Tel Aviv-Yafo** Magistrates Court (291)