# EXHIBIT S

# DALAM MAHKAMAH TINGGI JENAYAH SHAH ALAM

# DALAM NEGERI SELANGOR DARUL EHSAN

## PERMOHONAN JENAYAH NO.: BA-44-138-05/2024

In the criminal matter of the Applicant ERAN HIYA [Poland Passport No.: FD141192]

And

In the matter of the Imigration Act 1959/63

And

In the matter of the Imigration Rules 1963

And

In the matter of the Security Offences (Special Measures) Act 2012 (SOSMA)

And

In the matter of Criminal Procedure Code

And

In the matter of the inherent powers of the Court

And

In the matter of the Federal Constitution

**BETWEEN**

**ERAN HIYA**
**(POLAND PASSPORT NO: FD1411920)** …APPLICANT

**AND**

1. **HEAD OF CRIMINAL DIVISION**
   **KUALA LUMPUR CONTINJEN HEADQUARTERS**
2. **INSPECTOR GENERAL OF POLICE MALAYSIA**
3. **HEAD OF THE IMMIGRATION DEPARTMENT OF MALAYSIA**
4. **GOVERNMENT OF MALAYSIA** ...RESPONDENTS

1

# AFFIDAVIT

I, **ERAN HIYA (United States Passport No. 505526639 / Poland Passport No. FD1411920** of full age and currently detained in the Metropolitan Detention Center, Brooklyn, New York, United States of America do hereby make oath and state as follows:

1. I am the Applicant in this action and I state that all facts deposed to herein are within my personal knowledge and from my records to which I have access save where the contrary is stated.

2. I make this affidavit in support of my application for a habeas corpus and the various orders sort in my ex-parte Notice of Motion filed on 12.05.2024.

3. On or about 4 April 2024, I was arrested in Johor, Malaysia and within three hours or thereabouts taken and detained in Kuala Lumpur, Malaysia. Shortly thereafter, the law firm of Messrs N Saraswathy Devi of No. 47, Jalan Sultan Ismail, Bukit Bintang, Kuala Lumpur, Malaysia and the law firm of Messrs Gurmit Sodhi Chambers, were retained on my behalf to oppose any action to remove me from the jurisdiction of this Honourable Court, including, if necessary, to file a petition for habeas corpus

4. At the time I was detained by the Malaysian Police at the Dang Wangi Police Headquarters **["Dang Wangi"]** on or about 4 April 2024, I was told that my detention was for my own protection because an Israeli citizen had come to Malaysia to assassinate me. I was not provided any additional explanation, nor charged with any crime.

5. I was detained for approximately 14 days, and then, on 18 April 2024, was told I was being released. I was then permitted to meet with my solicitors at Dang Wangi for the first time since my detention. After meeting with them for less than an hour, I was informed by the Dang Wangi police that

2

I was going to be re-arrested, this time in connection with investigations under the Security Offences (Special Measures) Act 2012 **["SOSMA 12"]** in relation to the offence of organised crime under Section 130V of the Penal Code.

6. I was then detained for several additional weeks. At no point was I given more information about what crimes I was alleged to have committed in Malaysia (in fact, I did not commit any), nor what, if any, legal processes would be afforded me.

7. On approximately 26 April, 2024 I was visited by American officials who purported to be working out of the American diplomatic post in Kuala Lumpur. These officials informed me that there was a warrant for my arrest in the United States in connection with an attempt to fraudulently obtain US passports for my children. These American diplomats told me that my US passport was being revoked and asked whether I wanted a temporary passport issued, allowing me to return to the United States. I told the American authorities that I did not want to go to the United States.

8. During my detention, I was also questioned by Malaysian investigators, from approximately 9 a.m. to 5 p.m., for two weeks. During the questioning, Malaysian investigators referred to the fact that I was wanted in America. I told them I did not want to be sent to the United States.

9. On 5 May 2024, I was informed that I was going to be deported to the country of the passport on which I had entered Malaysia, which was Poland. Two other individuals who were detained with me were similarly informed, and they were subsequently deported to Georgia and Turkey. I was told to arrange the purchase of a flight to Poland, which my legal counsel endeavoured to do. I was told to book my flight to Poland on 10 May 2024.

3

10. On 10 May 2024, however, a high ranking police officer told me that my planned flight to Poland would not take place. After I pressed the police officer on the matter, he said that he was not meant to tell me, but he had been informed that the Americans would be coming between nighttime Sunday 12 May 2024 and the morning of Monday 13 May 2024 in order to fly me to the United States. I told him that I did not want to be taken forcibly to the United States and that I wanted to fight the matter in Court.

11. Without ever providing me any official explanation and without providing me any legal process, in the early hours of 13 May 2024, I was taken to the airport by Malaysian police. On the way to the airport, I repeated my objection to being transferred to the United States and reiterated that I did not want to go there.

12. At the airport, I was ushered into a bathroom by the Malaysian police officers. Inside the bathroom were American law enforcement agents. Again, I objected to the transfer. These U.S. agents administered medical tests and strip searched me. They then placed me in handcuffs and put a mask over my face and headphones over my ears so I could not see or hear anything. They then walked me through the airport and put me on an airplane. They removed the mask and headphones only once we were in the air.

13. On the airplane FBI Special Agent Jennifer Lewis tried to ask me questions about whether I had "enemies" in Israel. I asked whether she was working for the Israelis and she denied that she was.

14. I have been detained since arriving in the United States and am currently detained at the Metropolitan Detention Center in Brooklyn, New York. Shortly after I arrived in New York, on May 14, 2024, I was presented in court and arraigned on charges of fraudulently procuring a U.S. passport (*United States v. Eran Hiya*, 24 Crim. 282). Three days later, the United

States Department of Justice filed an extradition complaint, seeking authorization to extradite me to Israel pursuant to the US-Israel extradition treaty. (*In the Matter of the Extradition of Eran Hiya*, 24 Mag 1971). The extradition complaint filed on May 17, asserted that I "can be found within the jurisdiction of this Court at the Metropolitan Detention Center."

15. I swear that the foregoing is true and correct.

| To an affidavit by deponent sworn by | ) |  |
|---|---|---|
| **ERAN HIYA** | ) |  |
| **(United States Passport No. 505526639)** |  |  |
| **(Poland Passport No. FD1411920** ) |    _____ |
| On the | ) |  |
| at | ) |  |

Before me,

..................................................
**NOTARY PUBLIC**


**THIS AFFIDAVIT** is filed by Messrs Gurmit Sodhi Chambers, solicitors for the Applicant, who has an address of service at Suite D-2-33A, Block D, Pusat Perniagaan Seksyen 8 (8 Avenue) Jalan Sungai Jernih 8/1, 46050 Petaling Jaya, Selangor Darul Ehsan. [Tel: 03-7662 3799] [E-mail: sodhichambers@gmail.com] [Ref No.: SC/ET/1380/04/2024]