

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

February 23, 2025

**BY ECF**
The Honorable Jennifer E. Willis
United States Magistrate Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

      Re:    *In the Matter of Extradition of Eran Hiya*, 24 Mag. 1971

Dear Judge Willis:

      The Government respectfully submits this letter in response to Eran Hiya's letter dated January 16, 2025, Dkt. 35 ("Hiya's Letter" or "Ltr."). Hiya, in an attempt to manufacture a factual dispute, makes certain misrepresentations to the Court. The Government respectfully writes to correct those misrepresentations, which, in any event, do not bear on the issue before this Court: whether the elements for the certification of Hiya's extraditability have been met.[1]

      *First*, Hiya asserts that an FBI document was "fabricated" because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ when in fact it had simply arranged an extra-judicial handover." (Ltr. 1). This is false. The FBI requested Hiya's deportation. (*See* Ex. R, Dkt. 20-18 ("FBI respectfully requests the deportation of Eran Hiya (HIYA) from Malaysia to the US."); *see also* Def. Supp. Ltr.

---

[1] Hiya's Letter attempts to use these factual misrepresentations to advance his due process claims. The Government has explained at length in prior submissions that this Court has personal jurisdiction over Hiya pursuant to 18 U.S.C. § 3184 because Hiya was found within the Court's jurisdiction. Hiya's allegations regarding his presence in this jurisdiction and the Government's purported motive for initiating its own criminal action against Hiya come nowhere near the extraordinarily high bar for a due process claim and, in any event, a due process violation would not deprive this Court of personal jurisdiction in an extradition proceeding. *See David v. Att'y Gen. of U.S.*, 699 F.2d 411, 414 (7th Cir. 1983) (explaining that the due process principles outlined in *Toscanino* are inapplicable in extradition proceedings); (*see also* Gov't Reply Mem. in Support of Extradition, Dkt. 26, at 7-21; Gov't Supp. Ltr. in Support of Extradition, Dkt. 33 (describing factors Government considered in exercising prosecutorial discretion in Passport Fraud Case have no bearing on whether this Court has personal jurisdiction over the Hiya)).

in Support of Rule 41(g) Mot., *United States v. Eran Hiya*, 24 Cr. 282 (VM), Ex. G, Dkt. 45-7, at 20 (█████████████████████████████████████████████████████████████)).  Hiya cites an unofficial translation of a Malaysian court document, which indicates he was transferred to U.S. custody under "a special pass (*Making Arrangement to Leave The Country*)" without being "caught" by the Malaysian Immigration Department.  (Ex. Z, Dkt. 20-26).  Whatever this might mean, it does not belie the fact that the FBI requested deportation.

*Second*, Hiya implies there is something sinister about the fact that ████████████ ███████████████████████████████████████████████████████████████████████████████ ██████████████████████████ (*See* Def. Supp. Ltr. in Support of Rule 41(g) Mot., *United States v. Eran Hiya*, 24 Cr. 282 (VM), Ex. G, Dkt. 45-7, at 20 (email from FBI employee dated April 15, 2024: ███ ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████████████████████████████████ ███████████████████████████████).

*Third*, Hiya claims that Israel "manipulated" the "timeline of this case" to "mislead the Court," citing the fact that Israeli authorities allegedly issued one arrest warrant on April 4, 2024, and a second arrest warrant on May 10, 2024.  (Ltr. at 2 (citing Mem. in Opp. of Eran Hiya, Dkt. 20, at 18)).  But Hiya offers no evidence to support the claim that Israeli prosecutors sought the May 10, 2024, arrest warrant to mislead an American extradition court.  That arrest warrant merely followed a second indictment that was returned by the Israeli Government on April 25, 2024, "against the same Defendants and additional Defendants, for committing the offenses mentioned in the first indictment and for other serious violent offenses."  (*See* State of Israel's Extradition Request for Eran Hiya, Dkt. 13-1, at 142-43).

*Finally*, Hiya relies on ████████████████████████████████████████████████ to argue that the United States was aware of Israel's intent to ultimately request Hiya's extradition (and that the United States planned to honor its treaty obligations with Israel), and to suggest that the United States may not have told Malaysia about the impending extradition request.  As the Government explained at length in its most recent letter, Gov't Supp. Ltr. in Support of Extradition, Dkt. 33, whether the Government of Malaysia knew of Israel's impending extradition request is irrelevant and implicates foreign policy considerations that are beyond the scope of this Court's judicial inquiry.  *See, e.g.*, *Yoo v. United States*, 43 F.4th 64, 71 (2d Cir. 2022) ("[T]he Secretary of State has sole discretion to weigh the political and other consequences of extradition."); *Matter of Extradition of Sridej*, 649 F. Supp. 3d 987, 992 (D. Nev. 2023) ("A long judicial tradition supports the general judicial policy of deference to the executive in the area of foreign relations" that "comes from the generally accepted view that foreign policy is the province and responsibility of the Executive whose authority in foreign policy derives from Article II of the U.S. Constitution."); *see also* Gov't Supp. Ltr. in Support of Extradition, Dkt. 33.  The Government may, in exercising prosecutorial discretion, consider a wide range of factors—including the fact that a defendant is wanted by another nation for a murder conspiracy—and there was no obligation for the Government to disclose to Malaysia every factor it considered in its charging decision.

Page 3

*United States v. Cordones,* No. 11 CR. 205 (AKH), 2022 WL 815229, at *5 (S.D.N.Y. Mar. 17, 2022) ("Absent evidence of discriminatory enforcement, or selective-prosecution that would violate statutory or constitutional rights, the Supreme Court has stated that the decision to prosecute is particularly ill-suited to judicial review and "generally rests entirely in the prosecutor's discretion.").

The Government respectfully reiterates its request for this Court to certify Hiya's extraditability to the Secretary of State for a final decision on Hiya's extradition.

Respectfully submitted,

MATTHEW PODOLSKY
Acting United States Attorney

By:   */s/ Dana R. McCann*
Dana R. McCann
Assistant United States Attorney
Tel: (212) 637-2308

cc:   Counsel of record (by ECF)