# SHER TREMONTE LLP

February 24, 2025

**VIA ECF**

The Honorable Jennifer Willis
United States Magistrate Judge
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

                Re:    *In the Matter of Extradition of Eran Hiya*, **1:24-mj-1971**

Dear Judge Willis:

      We represent Eran Hiya. We write in brief reply to the government's letter, dated February 23, 2025, ECF No. 36, responding to Mr. Hiya's letter of January 16, 2025, providing supplemental evidence in opposition to the government's motion for extradition, ECF No. 35.

      The peculiar timing of the government's response—nearly six weeks after Mr. Hiya filed his letter—is no accident. On February 12, 2025, Chief Magistrate Judge Netburn ordered the government promptly to search and produce communications between FBI legal attaches Eugene Wu and Jagdeep Singh Khangura and Malaysian law enforcement or provide a letter explaining why Mr. Hiya is not entitled to these communications. Order, *United States v.* Hiya, 24-cr-282 (VM) (S.D.N.Y. Feb. 12, 2025), ECF No. 52. On February 19, rather than producing the communications, the government filed a letter arguing that it is not obligated to search for communications of the legal attaches because they are not members of the prosecution team in the passport fraud case. *Id.*, ECF No. 53. Mr. Hiya will respond to the government's letter before Judge Netburn in due course but wanted this Court to understand the context of the government's filing in this case, which was apparently prompted by a concern that more damning information about the FBI's conduct will come to light before the Court rules on its motion for extradition.

      As for the substance of the government's response, the government baselessly accuses Mr. Hiya of making "misrepresentations" to the Court regarding ████████████████████████████████████████████████████████ *See* Reply Mem. of Law of the United States of America in Support of Extradition, ECF No. 26, at 10. The Court can look at the representations made by the government and the email correspondence and draw its own conclusions, but the government's defense that it ██████████████████████████████████████████████████████████████████████████

In addition, in response to the Court's question at the evidentiary hearing whether the United States withheld from Malaysia that "Israel also wanted him, and deep down it was really the intention of the United States to send him to Israel," the government responded, "Your Honor, it is just simply not true . . . . I believe it is not true that the information was withheld, but also . . . it doesn't matter." Tr. of Hr'g 68:10-69:2. The government then went on to disclaim making any representations about what was communicated to Malaysia or not. Again, the Court can draw its own conclusions from the contemporaneous correspondence between the AUSA and case agent in the passport fraud case. Accusing *Mr. Hiya* of making misrepresentations to the Court, however, is rich.

Finally, the government's statement that the second Israeli arrest warrant "merely followed a second indictment that was returned by the Israeli Government on April 25, 2024" misapprehends Israeli law. ECF No. 36, at 2. Pursuant to Section 19(b) of the Criminal Procedure Law (Enforcement Powers and Detention) 1996, "[a]n arrest warrant . . . will be enforceable for 180 days unless the Judge extends that period for reasons which will be given in writing." Further, the Israeli Supreme Court has held that the non-material amendment of an indictment does not invalidate or otherwise affect a valid arrest warrant. Detention Decision 1219/12, *Benny Alkritz v. State of Israel*. And the Israeli indictment here was not changed in any way as to Mr. Hiya; an amended indictment thus was not—and cannot—be the basis for the second arrest warrant. Notably, the Israeli government has refused to confirm or deny the existence of the first arrest warrant; one can only conclude that the second one was obtained to manufacture a timeline helpful to Israel's request for extradition here.

While the government has gone to great lengths to prevent the full facts from coming before this Court, we believe a sufficient record exists for the Court to rule and, for the reasons outlined in our prior submissions, deny the motion for extradition.

Respectfully submitted,

*/s/ Noam Biale*
Justine A. Harris
Noam Biale
Wes Erdelack
Krista Staropoli

*Attorneys for Eran Hiya*

cc: AUSA Dana McCann (by ECF)