USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/19/2026

SHER TREMONTE LLP

October 16, 2026

**VIA ECF**

The Honorable Jennifer Willis
United States Magistrate Judge
Southern District of New York
Thurgood Marshall Courthouse
40 Foley Square
New York, NY 10007

**APPLICATION GRANTED**

Katharine H Parker

**Hon. Katharine H. Parker, U.S.M.J.**
**10/19/2026**

Re: ***In the Matter of Extradition of Eran Hiya,*** No. 24 MJ 1971 (JW)

Dear Judge Willis:

We represent Eran Hiya in the above-referenced matter. In light of Mr. Hiya's upcoming extradition to Israel, we write seeking a judicial order directing the Bureau of Prisons to permit Mr. Hiya to travel in his civilian clothes. Counsel have contacted Legal and Release & Discharge Departments at the MDC, who advised us that Mr. Hiya's request can only be granted with a court order.

Mr. Hiya has filed an appeal by way of habeas from your June 23, 2025 decision certifying Mr. Hiya as extraditable, which Judge Vargas denied on June 29, 2026. *Eran Hiya v. United States*, 25-cv-05712 (JAV), Dkt. No. 39. Mr. Hiya appealed that decision in the Second Circuit, and moved for an emergency stay of the Extradition Order pending appeal. *Hiya v. United States*, No. 26-1772 (2d Cir. 2026), Dkt. Nos. 1, 8. The Second Circuit denied Mr. Hiya's request for a stay pending appeal on September 15, 2026 (Dkt. No. 26), but on October 8, 2026, granted Mr. Hiya's request to hold the briefing of Mr. Hiya's habeas appeal in abeyance while the Department of State determines whether it will proceed to issue a surrender warrant in Mr. Hiya's case regardless of the status of his appeal (Dkt. No. 30). If Mr. Hiya is ultimately surrendered, we expect that he will be commercially flown to Israel, where he will be immediately presented before an Israeli court. We ask that Mr. Hiya not be forced to make his initial appearance in Israel in prison clothes.

There is no question that prison clothes carry a stigma of illegality. *See generally Estelle v. Williams*, 425 U.S. 501, 518 (J. Brennan, dissenting) (acknowledging that prison garb "brand[s] [a person] . . . with an unmistakable mark of guilt"). It follows that Mr. Hiya will suffer a degree of indignity by appearing in Israeli court in an MDC uniform. Worse, forcing him to do so serves no legitimate purpose. Mr. Hiya has already served his domestic criminal sentence and is being released from United States custody. The charges against him in Israel are unproven.

Indeed, in the non-extradition context, this is not a problem. The Justice Prisoner and Air Transportation System (JPATS), operated by the U.S. Marshals Service for primarily domestic prison travel, does not mandate that prisoners wear identifiable prison garb. *See* JPATS Manual, M550.1D ¶11.4, available at: https://www.governmentattic.org/55docs/USMSccmfpt2021.pdf. In fact, "[o]ne-piece jump suits are not permitted." *Id.* Rather, prisoners are permitted to wear civilian clothing so long as they are "dressed appropriately to prevent any prisoner disturbances." Mr. Hiya's situation should be no different.

Mr. Hiya, a U.S. citizen, should be afforded the same dignity as other prisoners transported by the federal government. Accordingly, and after conferring with MDC, who informed us that it will not permit Mr. Hiya to travel in civilian clothes without a court order, we ask that the Court order BOP to permit Mr. Hiya to travel in civilian clothes.

We appreciate the Court's consideration.

Respectfully submitted,

/s/ *Noam Biale*

Noam Biale
Wes Erdelack
Krista Staropoli
SHER TREMONTE LLP
90 Broad St., 23rd Fl.
New York, NY 10004
(212) 202-2600
nbiale@shertremonte.com

Justine A. Harris
HARRIS TRZASKOMA LLP
125 Broad Street, 10th Fl.
New York, NY 10004
(212) 970-6465
jharris@harristrz.com

*Counsel for Eran Hiya*

cc: Dana McCann, Assistant United States Attorney (by ECF)